NICHOLAS J. SANTORO, ESQ. (NBN 532)
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
ELLSIE E. LUCERO, ESQ. (NBN 15272)
**SPENCER FANE LLP**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 408-3401
Email: nsantoro@spencerfane.com
    opancheri@spencerfane.com
    jlujan@spencerfane.com
    elucero@spencerfane.com

WILL KEMP, ESQ. (NBN 1205)
Email: c.pola@kempjones.com
**KEMP JONES, LLP**
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel.: (702) 385-6000 / Fax: (702) 385-6001

*Attorneys for Defendant Southern Nevada
Water Authority*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| OUR LADY OF VICTORY CATHOLIC CHURCH (AKA SOCIETY OF ST. PIUS X, LAS VEGAS NEVADA, INC.); ALEXANDER NILL, individually and as managing member of GUBERLAND, LLC; MARK AND JENNY-LYNNE EDINGTON; MARTIN KELLY; WILLIAM WALKER II; DAVID LEE; JAYLEEN JAVIER; AMBRE HALL; MICHAEL DOYLE; TINA AND RADFORD SMITH; JOSEPH AND KATHLEEN MERHAR; STACY STANDLEY, EACH INDIVIDUALLY; SUN CITY SUMMERLIN COMMUNITY ASSOCIATION, INC.; THE VINEYARDS COMMUNITY ASSOCIATION; SILVER STATE GOLF INDUSTRY ALLIANCE (NON-PROFIT); SPANISH TRAIL MASTER ASSOCIATION; THE CARMELS AT SPANISH TRAIL ASSOCIATION; GARDENS AT SPANISH TRAIL ASSOCIATION; INNISBROOK ESTATES AT SPANISH TRAIL ASSOCIATION; ISLANDS AT SPANISH TRAIL ASSOCIATION; THE LINKS AT SPANISH TRAIL ASSOCIATION; AND SPANISH TRAIL COUNTRY CLUB on behalf of themselves and all others similarly situated;<br><br>                    Plaintiffs,<br><br>        v.<br><br>SOUTHERN NEVADA WATER AUTHORITY, a political subdivision of the State of Nevada; DOE INDIVIDUALS; and ROE GOVERNMENTAL ENTITIES,<br><br>                    Defendants. | Civil Case No.: 2:26-cv-01291<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF THE COURT; ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Defendant Southern Nevada Water Authority ("*Defendant*" or "*SNWA*"), pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, hereby gives notice of removal of Case No. A-26-937025-C, originally filed in the Eighth Judicial District Court in Clark County, Nevada.

IN SUPPORT THEREOF, Defendant states as follows:

## I.    THE REMOVED CASE

1.    On January 12, 2026, the original plaintiffs Alexander Nill, individually and as managing member of Guberland LLC, Mark and Jenny-Lynne Edington, and Kim Snyder ("*Original Plaintiffs*"), filed their Complaint (the "*Initial Complaint*") against Defendant in the Eighth Judicial District Court of the State of Nevada, Case No. A-26-937025-C.  A copy of the Initial Complaint is attached hereto as **Exhibit "A."**

2.    The Initial Complaint and its claims arise from the Original Plaintiffs' allegations of Defendant's "unlawful interpretation and implementation" of its non-functional turf designations under AB 356 and AB 220. *See* Ex. A at pp. 1–4.

3.    The Initial Complaint alleged five claims against Defendant arising under various Nevada laws and regulations, including: (1) Declaratory Relief—NRS 30.010, Ultra Vires Action—Violation of Modified Dillon's Rule (NRS 268.001); (2) AB 356/AB 220 are Unconstitutionally Vague and Therefore Void; (3) AB 356/AB 220 are Unconstitutional for Lack of Due Process; (4) AB 356/AB 220 are Unconstitutional as Applied by SNWA; and (5) AB 356/AB 220 are an Unconstitutional Delegation of Power. *See* Ex. A at pp. 42–58. The Initial Complaint did not contain any claims arising under federal law on the face of the Complaint.

4.    On January 16, 2026, Original Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction on Order Shortening Time and refiled the Motion on January 27, 2026 to fix deficiencies in the first motion. After briefing and argument, the court entered an Amended Order Granting Motion for Temporary Restraining Order on February 4, 2026

to remain in place until the parties agreed on the complete terms of the Temporary Restraining Order or the court would adopt one of the competing orders from the parties. The court then entered a Temporary Restraining Order on February 15, 2026, which never took effect because the Original Plaintiffs never posted the required bonds and has now expired.

5. On February 24, 2026, Defendant filed a Motion to Dismiss Plaintiffs' Complaint on the basis that (1) Original Plaintiffs' claims were not ripe; (2) Original Plaintiffs had not suffered an injury (much less irreparable injury); (3) Original Plaintiffs did not have standing; and (4) Original Plaintiffs have failed to join an indispensable party, their HOAs.

6. On March 6, 2026, Original Plaintiffs filed a Motion for (1) Limited Protective Order Regarding Contact Information; and (2) Extension of Time to Amend Complaint on Order Shortening Time. The same day, Defendant filed a Motion to Dissolve Temporary Restraining Order and Enter Order Dismissing Action Based Upon Plaintiffs' Non-Opposition to Motion to Dismiss on Order Shortening Time.

7. On March 10, 2026, Original Plaintiffs filed a Notice of Intent to Amend Complaint.

8. After briefing Original Plaintiffs' and Defendant's Motions, on March 24, 2026, the court granted in part and denied in part Plaintiffs' Motion for Limited Protective Order and for Extension of Time to Amend Complaint and denied Defendant's Motion to Dissolve Temporary Restraining Order and to enter Order Dismissing Action to provide Original Plaintiffs an opportunity to amend their complaint.

9. On April 21, 2026, the plaintiffs listed on the caption of this Notice of Removal ("*Class Action Plaintiffs*"), filed an Amended Class Action Complaint for Injunctive and Declaratory Relief ("*Amended Complaint*"), to include claims under the constitutional standards set forth in the Fourteenth Amendment Due Process Clause. A copy of the Amended Complaint is attached hereto as **Exhibit "B."**

10. The Amended Complaint identified three proposed classes of plaintiffs. *Id.* at ¶¶ 456–458.

11. The First Class is an Individual Class defined as:

2

All individuals who own real property located within the Southern Nevada Water Authority's service area, including the cities of Las Vegas, Henderson, North Las Vegas, Boulder City, and Laughlin, along with surrounding unincorporated areas, that are subject to the Southern Nevada Water Authority's non-functional turf policies and practices regarding the Useless Grass Acts.

*Id.* at ¶ 456.

12.     The Second Class is an Entity Class defined as:

All homeowner associations operating under NRS 116.001, *et seq.* and other entities, including golf courses, that own or manage real property, including common elements as defined by NRS 116.017, located within the Southern Nevada Water Authority's service area, including the cities of Las Vegas, Henderson, North Las Vegas, Boulder City, and Laughlin, along with surrounding unincorporated areas, that are subject to the Southern Nevada Water Authority's non-functional turf policies and practices regarding the Useless Grass Acts.

*Id.* at ¶ 457.

13.     The Third Class is a Church Class defined as:

All churches and other religious institutions that own real property located within the Southern Nevada Water Authority's service area, including the cities of Las Vegas, Henderson, North Las Vegas, Boulder City, and Laughlin, along with surrounding unincorporated areas, that are subject to the Southern Nevada Water Authority's non-functional turf policies and practices regarding the Useless Grass Acts.

*Id.* at ¶ 458.

14.     The Class Action Plaintiffs' claims against Defendant in the Amended Complaint include: (1) Declaratory Relief—NRS 30.010, Ultra Vires Action—Violation of Modified Dillon's Rule (NRS 268.001); (2) AB 356/AB 220 are Unconstitutionally Vague and Therefore Void; (3) AB 356/AB 220 are Unconstitutional for Lack of Due Process; (4) AB 356/AB 220 are Unconstitutional as Applied by SNWA; and (5) AB 356/AB 220 are an Unconstitutional Delegation of Power; (6) Unconstitutional Consolidation of Power Violation of Separation of Powers; and (7) Violation of the Nevada Constitution; Right to free Exercise of Religion. *See* Ex. B at pp. 85–109.

15.     No motions are currently pending in this matter.

## II.     REMOVAL IS TIMELY

16.     Having been served Class Action Plaintiffs' Amended Complaint alleging violation of Class Action Plaintiffs' federal constitutional rights on April 21, 2026, Defendant timely files

3

this Notice of Removal within the thirty-day period from service of the "amended pleading … from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). *See also* Fed. R. Civ. P. 6(a) ("When the period is stated in days or a longer unit of time: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

### III.    VENUE REQUIREMENTS ARE MET

17.    Venue is proper in this Court, as this is the district court "for the district and division embracing the place where such [state] action is pending." 28 U.S.C. § 1446(a).

18.    Defendant removes to this Court without waiving and expressly preserving all objections, defenses, and exceptions available to Defendant by law, including, but not limited to, those under Fed. R. Civ. P. 12(b).

### IV.    REMOVAL IS PROPER AS THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIM

19.    Removal is proper when Plaintiff's claims present a federal question. *See* 28 U.S.C. § 1331. Removal is proper in this case, as this Court has original jurisdiction, under 28 U.S.C. § 1331, over Plaintiff's claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

20.    The Ninth Circuit follows the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

21.    Here, a federal question is presented on the face of the Amended Complaint.

22.    Paragraph 535 specifically invokes the Fourteenth Amendment, stating, in relevant part:

> SNWA may contend that NRS 233B's definition of "agency" does not extend to political subdivisions. See NRS 233B.031. But the procedural protections codified in NRS 233B, notice, hearing, separation of functions, and neutral adjudication, are not mere

4

statutory preferences. They reflect the constitutional minimum that the Due Process Clauses of the Nevada Constitution, Art. 1, § 8, and *the Fourteenth Amendment* demand whenever a government actor exercises delegated authority to determine legal rights affecting real property. See *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

Ex. B at p. 92. [emphasis added].

23.   Similarly, Paragraph 527 states

It is fundamental to due process that the government give citizens notice and an opportunity to be heard. Executive agency action (at the federal, state and county level) has become increasingly scrutinized by the Court. By way of persuasive example, the U.S. Supreme Court **removed agency deference created by *Chevron* with its ruling in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). With that narrowing, the core concepts of due process (notice and opportunity to be heard by an independent third party is the heart of due process. *Id.* 603 U.S. at 433 (indicating the problem with *Chevron* agency deference, that being that no due process of law exists as "executive agencies may effectively judge the scope of their own lawful powers").**

*Id.* at p. 96.  [emphasis added].

24.   Further, the Amended Complaint makes 26 general assertions of violations of "due process" untethered to either federal or state standards.  *See*, *e.g*, Ex. B at Introduction, ¶¶ 25, 144, 321, 381, 393, 409, 411, 463(iv), 463(vi), 464(ii), 465(iv), 466(xii), 467(ii), 551, 556, 558, 559, 561, 563, 567, 586, Prayer for Relief [110:2–5], and Prayer for Relief ¶ 13.5.

25.   Similarly, the Seventh Cause of Action relating to the Right to Free Exercise of Religion references the Nevada Constitution once but every allegation is based upon citations to multiple decisions by the United States Supreme Court. *See id.* at ¶¶ 642–646.

26.   Finally, while not explicitly cited, Paragraph 273 harkens to alleged civil rights violations under 28 U.S.C. § 1983 when it alleges that SNWA acted "under color of state law."

27.   Put simply, the Amended Complaint presents a federal question on its face sufficient to support removal to this Court.

28.   Based on the foregoing, SNWA removes this action pending in the Eighth Judicial District Court, in and for Clark County, Case No. A-26-937025-C.

5

29. Moreover, this Court may exercise its supplemental jurisdiction over Plaintiff's state claims, if the claims "derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court compromises but one constitutional case.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 529, 139 L. Ed. 2d 525 (1997) (internal citations omitted); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## V.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been provided simultaneously to Plaintiff.  A copy of the Notice of Removal will be filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action, as available from the state court docket or otherwise made available to SNWA at the time of filing this Notice, are attached hereto.

The written notice required by 28 U.S.C. § 1446(d), attached as **Exhibit "C,"** will be promptly filed in the Eighth Judicial District Court of Clark County, Nevada, and will be promptly served on all parties.  No previous application has been made for the relief requested herein.

WHEREFORE, Defendant hereby removes the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada and requests that further proceedings be conducted in this Court as provided by the law.

DATED this 24th day of April, 2026.

**SPENCER FANE LLP**

/s/  *Oliver J. Pancheri*
NICHOLAS J. SANTORO, ESQ. (NBN 532)
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
ELLSIE E. LUCERO, ESQ. (NBN 15272)
300 S. 4th Street, Suite 1600

Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 408-3401
Email: nsantoro@spencerfane.com
      opancheri@spencerfane.com
      jlujan@spencerfane.com
      elucero@spencerfane.com

WILL KEMP, ESQ. (NBN 1205)
Email: c.pola@kempjones.com
**KEMP JONES, LLP**
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel.: (702) 385-6000 / Fax: (702) 385-6001

*Attorneys for Defendant Southern Nevada Water Authority*