**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXANDER NILL, *et al.*,

Plaintiffs,

vs.

SOUTHERN NEVADA WATER AUTHORITY,

Defendant.

Case No.: 2:26–cv–01291–GMN–NJK

**ORDER GRANTING MOTION TO REMAND**

Pending before the Court is the Motion to Remand, (ECF No. 5), filed by Plaintiffs Our Lady of Victory Catholic Church, *et al.* (collectively "Plaintiffs"). Defendant Southern Nevada Water Authority ("SNWA") filed a Response, (ECF No. 11), to which Plaintiffs filed a Reply, (ECF No. 13). Also pending before the Court is SNWA's Motion to Dismiss, (ECF No. 18),[1]. Plaintiffs filed a Response, (ECF No. 25), SNWA did not file a Reply, and the time to do so has passed. (*See* Resp., ECF No. 25) (setting a July 7, 2026, deadline for replies). Finally pending before the Court is SNWA's Motion for Leave to File Excess Pages, (ECF No. 17).[2] Plaintiffs did not file a Response, and the time to do so has passed. (*See* Mot. Leave, ECF No. 17) (setting a June 9, 2026, deadline for responses).

For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand.

## I. BACKGROUND

This case arises out of Plaintiffs' challenge to SNWA's implementation and enforcement of Assembly Bills 356 and 220 (collectively, the "Useless Grass Acts") governing the removal

[1] Because the Court grants Plaintiffs' Motion to Remand, the Court denies SNWA's Motion to Dismiss as moot.
[2] SNWA's Motion for Leave to File Excess Pages relates to their Motion to Dismiss. (*See* Mot. Leave 2:8–11, ECF No. 17). Because the Court denies the Motion to Dismiss as moot, the Court also DENIES the Motion for Leave to File Excess Pages as moot.

of nonfunctional turf in Southern Nevada. (*See generally* First Am. Compl. ("FAC"), Ex. B to Not. Removal, ECF No. 1–2). The Useless Grass Acts require the removal of certain "nonfunctional" turf to reduce water consumption and authorizes SNWA to administer and enforce those requirements. (*Id.* ¶¶ 6–7). Plaintiffs bring seven claims against SNWA: (1) violation of Nevada Revised Statute ("NRS") 268.001; (2) unconstitutional vagueness under the Nevada Constitution; (3) violation of the Article I, Sections 1, 2, 8, and 22 of the Nevada Constitution; (4) unconstitutional application of the Useless Grass Acts under the Nevada Constitution; (5) unconstitutional delegation of legislative power in violation of the Nevada Constitution; (6) unconstitutional consolidation of power in violation of Article III, Section 1 and Article I, Section 8 of the Nevada Constitution; and (7) violation of Article I, Section 4 of the Nevada Constitution. (FAC ¶¶ 473–646, Ex. B to Not. Removal).

On January 12, 2026, Plaintiffs commenced this action in the Eighth Judicial District Court of Clark County, Nevada. (Not. Removal 1:9–13, ECF No. 1). On April 24, 2026, SNWA removed this action pursuant to 28 U.S.C. §§ 1331 and 1441. (*Id.* 1:3–6). The instant Motion to Remand followed.

## II. <u>LEGAL STANDARD</u>

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the

burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

Absent diversity of citizenship, federal-question jurisdiction is required. Federal district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether an action "arises under" federal law is governed by the well–pleaded complaint rule, which provides that federal-question jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)). Under this rule, the plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. *Id.*

The well–pleaded complaint rule is subject to the artful pleading doctrine, under which a plaintiff may not defeat removal by omitting a necessary federal question or by disguising a claim that may be brought only under federal law. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124

(9th Cir. 2010); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). A state-created cause of action is deemed to arise under federal law where (1) federal law completely preempts state law, or (2) the claim is necessarily federal in character. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041–42 (9th Cir. 2003); *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). Included within the second category are cases where the claim is inherently federal but pled in state-law terms, or where the right to relief depends on the resolution of a substantial, disputed federal question. *Lippitt*, 340 F.3d at 1042 (citing *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

## III. <u>DISCUSSION</u>

Plaintiffs move to remand this action to state court for lack of subject matter jurisdiction and seek an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Mot. Remand 2:1–6, ECF No. 5). Neither party contends that the Court has diversity jurisdiction over this case. (*See generally id.*); (*see generally* Mot. Remand). Rather, the parties only dispute whether the Court has federal-question jurisdiction. The Court therefore begins by considering whether it has federal-question jurisdiction.

### A. Federal-Question Jurisdiction

Plaintiffs argue that the Court lacks federal-question jurisdiction because the FAC exclusively asserts claims arising under Nevada statutory law and the Nevada Constitution. (Mot. Remand 5:10–10:2). SNWA raises two primary arguments against removal.[3] First,

---

[3] SNWA argues that jurisdiction exists under the substantial federal question doctrine, which requires that "the state law claim necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, SNWA did not identify that theory in its Notice of Removal. *See* 28 U.S.C. § 1446(a); *Willingham v. Morgan*, 395 U.S. 402, 408 (1969). "Failure to identify in a [Notice of Removal] a basis for subject matter jurisdiction existing at the time of removal means it may not be considered in opposition to a motion to remand." *Campbell v. AmericanTours Int'l, LLC*, No. C 13-00323 RS, 2013 WL 894797, at *2 (N.D. Cal. Mar. 8, 2013) (citing *O'Halloran v. Univ. of*

SNWA argues that Plaintiffs expressly invoke the Fourteenth Amendment to the United States Constitution and "bolster that reference with attendant federal law as a substantive source of the rights they claim have been violated." (Resp. 11:16–15:21). Second, SNWA contends that Plaintiffs' claim for violation of Article I, Section 4 of the Nevada Constitution "undeniably asserts a federal free exercise claim." (*Id.* 15:22–19:11). [4]

SNWA's arguments are unavailing for several reasons. First, Plaintiffs expressly pled their claims under the Nevada Constitution and Nevada statutory law rather than the United States Constitution. (*See* FAC ¶¶ 473–646). While true that Plaintiffs cite federal caselaw interpreting provisions of the United States Constitution, they do not invoke those judicial decisions as the source of the rights they seek to enforce; rather, they cite them as persuasive authority supporting their claims under the Nevada Constitution. (*See, e.g.*, FAC ¶¶ 527–29) (describing citation to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), as a "persuasive example"); (*see also id.* ¶¶ 534–35) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976), as the inspiration for procedural protections afforded by NRS 233B). Indeed, the Nevada Supreme Court has explained that because the due process clause of the Nevada Constitution "virtually mirror[s]" the language in the United States Constitution, Nevada courts look to federal caselaw for guidance. *Reinkemeyer v. Safeco Ins. Co. of Am.*, 16 P.3d 1069, 1072 (Nev. 2001). Thus, the Court cannot conclude that this "sprinkling of incidental references transform[s] what is clearly intended as a state-law-only case into a federal one." *See Edwards v. BQ Resorts, LLC*, No. 2:16-cv-01649-JAD-VCF, 2016 WL 6905378, at *2 (D. Nev. Nov. 23, 2016) (citing *Rains*, 80 F.3d at 344).

---

*Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)). Accordingly, the Court declines to consider whether jurisdiction exists under the substantial federal question doctrine.

[4] SNWA does not argue that federal law preempts any of Plaintiffs' state-law causes of action. (*See generally* Resp., ECF No. 11), so the Court need not address that category of the well-pleaded complaint doctrine.

Second, SNWA's argument that Plaintiffs' seventh claim for violation of Article I, Section 4 of the Nevada Constitution "undeniably asserts a federal free exercise clause claim" fares no better. (Resp. 15:23–24). SNWA contends that the wording of Plaintiffs' seventh claim "uncannily tracks, nearly verbatim," the elements for a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. (Resp. 16:15–16). However, Plaintiffs' seventh cause of action (and the FAC generally) does not cite RLUIPA a single time, nor do Plaintiffs seek relief under that statute. (*See* FAC ¶¶ 640–646). Although the same factual allegations could potentially support a RLUIPA claim, Plaintiffs elected to pursue only claims arising under Nevada law, and they were entitled to do so. *See Rains*, 80 F.3d at 345. Further, while true that Plaintiffs cite several decisions issued by the United States Supreme Court in their seventh claim, Article I, Section 4 of the Nevada Constitution is "co-extensive with the Free Exercise Clause of the First Amendment," and claims under the two provisions are analyzed "using the same standard." *Johnson v. Nev. ex rel. Bd. of Prison Comm'rs*, No. 3:11-cv-00487-HDM-VPC, 2013 WL 5428423, at *4 (D. Nev. Sept. 26, 2013) (citing *Martinez v. Clark Cnty., Nev.*, 846 F. Supp. 2d 1131, 1145 (D. Nev. 2012)). It thus follows that Plaintiffs would cite federal decisions in support of their claim under Article I, Section 4 of the Nevada Constitution.

Finally, SNWA's reliance on *Cerros v. N. Las Vegas Police Dep't*, No. 2:06-cv-00647-LRH-PAL, 2006 WL 3257164 (D. Nev. Nov. 9, 2006), is misplaced. (Resp. 11:19–12:3). Unlike the FAC here, the complaint in *Cerros* expressly alleged that the defendants violated the plaintiff's rights under the Fourth Amendment to the United States Constitution. 2006 WL 3257164 at *1. Because the complaint asserted a federal constitutional cause of action on its face, the *Cerros* court correctly found that it had federal-question jurisdiction. *Id.* at *2. By contrast, Plaintiffs here do not allege that SNWA violated the United States Constitution or

seek relief under any federal constitutional provision. Instead, each cause of action is expressly pleaded under Nevada statutory law or the Nevada Constitution. (FAC ¶¶ 473–646).

Because Plaintiffs' claims are not necessarily federal in character, Plaintiffs' Motion to Remand is GRANTED.

**B. Attorney's Fees**

Plaintiffs also seek an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Mot. Remand 13:18–15:11). Under that statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis for removal exists, attorney's fees ordinarily should be denied. *Id.*

The Ninth Circuit has explained that objective reasonableness is determined by examining the clarity of the law at the time of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065–66 (9th Cir. 2008). Importantly, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* at 1065; *Martinez v. Airbnb, Inc.*, 691 F. Supp. 3d 1124, 1131 (N.D. Cal. 2023).

Although the Court concludes that remand is warranted, it cannot conclude that SNWA lacked an objectively reasonable basis for seeking removal at the time it filed its Notice of Removal. SNWA advanced a colorable, although ultimately unsuccessful, argument that Plaintiffs' FAC presented a federal question supporting removal under 28 U.S.C. § 1331. That SNWA's jurisdictional arguments ultimately fail does not render its decision to remove

objectively unreasonable. *See Lussier*, 518 F.3d at 1065. Accordingly, the Court declines to award attorney's fees and costs under 28 U.S.C. § 1447(c).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **REMAND** this case to the Eighth Judicial District Court of Clark County for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that SNWA's Motion to Dismiss, (ECF No. 18), and Motion for Leave to File Excess Pages, (ECF No. 17), are **DENIED** as moot.

The Clerk of Court is kindly directed to close this case.

**DATED** this 28 day of July, 2026.

Gloria M. Navarro, District Judge
United States District Court